IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICKY HOCKENSMITH          :
                           :
v.                         :   CIVIL ACTION NO. L-00-2647
                           :
STEVE CROMER, *et al.*     :

## O R D E R

This lawsuit culminated in judgment for defendants entered on February 27, 2002. (*See* Paper Nos. 32 and 33). No appeal has been taken. Defendant Kelly Cromer filed a timely Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (*See* Paper No. 34). No objection has been filed.

Defendant first seeks $640.75 for deposition expenses. Deposition costs of the type sought here may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See* **Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a Court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial. *See* **Advance Business Systems & Supply Co. v. SCM Corporation**, 287 F. Supp. 143, 165 (Md. 1968), *aff'd* as modified, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also* **Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n**, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). While a judge may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned's authority is more limited. In this district, the Clerk has traditionally allowed the costs associated with deposing the

parties in the case, and also has allowed depositions that were actually used in connection with the event that terminated the litigation; transcript copies of depositions taken by opposing counsel; and trial witness depositions. Here, the deposition expenses sought fall within the first three guidelines. Thus, the undersigned, having reviewed the taxation request, will grant it in full, minus $20.00 for delivery fees, which is deemed regular office overhead.

Accordingly, costs are hereby awarded in favor of defendant in the amount of $620.75. A copy of this Order shall be docketed and mailed to counsel.

DATED this _____ day of _____, 2002.

_____
Felicia C. Cannon
Clerk of Court